IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TOMMY RADFORD**                                                                             **PLAINTIFF**
**ADC #089900**

v.                               No: 4:25-cv-00480-LPR-PSH

**T. GRIFFIN,** *et al.*                                                                      **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

On May 14, 2025, plaintiff Tommy Radford, an inmate at the Arkansas Division of Correction's Varner Unit , filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) as well as an *in forma pauperis* application (Doc. No. 1).

Radford is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The following cases filed by Radford were

dismissed for failure to state a claim before he filed this lawsuit: *Radford v. Weathers,* 2:01-cv-00229-SWW; *Radford v. Barnes,* 2:01-cv-00230-BRW; and *Radford v. Byers, et al.,* 4:24-cv-00203-JM. The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Radford alleges that Sergeant Higgins, Lieutenant Sifuentes, Corporal Hence, and Corporal Blair verbally threatened him during an incident in his isolation cell on December 27, 2024. Doc. No. 2 at 4-7. He further claims that Sifuentes and Blair violently assaulted him during this incident and that "Nurses LPN S. Turner, R.N. White, etc." denied him medical treatment afterwards. *Id.* at 7-8. Radford also alleges that on December 31, 2024, Deputy Warden Griffin and Major Freeman

came to his cell and threatened to have him killed if he did not hang himself and told him he would receive no medical treatment. *Id.* at 8-10. Radford claims they told him that ADC Director Dexter Payne gave them permission to do so in order to kill his "lawsuit filing ass." *Id.* at 10. Radford dated his complaint May 8, 2025, but does not describe any further interactions with the defendants after December 31, 2024.[1] *Id.* at 4-10.

While these allegations are serious, Radford may only proceed *in forma pauperis* with respect to claims stemming from an ongoing threat of serious physical injury. *See Martin v. Shelton,* 319 F.3d at 1050 ("Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). Radford makes no allegation that the defendants pose an ongoing threat to his physical safety. Rather, he complains of incidents that occurred more than four months before he filed this complaint. Accordingly, Radford may not proceed in this case unless he pays the $405 filing and administrative fees in full.

IT IS THEREFORE RECOMMENDED THAT:

1. Radford's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

---

[1] Radford attached an informal grievance dated May 7, 2025, to his complaint, in which he complained that he needed hygiene items and legal materials for a pending case. Doc. No. 2 at 11.

2.    Radford be given thirty days to reopen the case by paying the $405 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 30th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE